MAY 29, 1802.

# John Cowan *v.* Joseph White.

*Upon a writ of error to reverse a judgment of the Danville District Court.*

Where the obligor bound himself to make to the obligee as good a title to the land sold as he received from the Commonwealth, to any lands upon a certain water course—*Held:* That he was bound to convey land free from the paramount claims of others, and to warrant the title as good as that of any of his lands on the water course.

The first thing to be ascertained in this suit is the true construction of the bond on which it is founded. It is in substance as follows: For value received, Cowan sold White 600 acres of land on the waters of Green river, on the north side of the river, and to be as good as any land Cowan held there; and for which he bound himself and heirs, etc., to make as good a title as the Commonwealth of Virginia should make to him. Grants from the Commonwealth of Virginia do not expressly or by implication contain any warranties. But as a valuable consideration is acknowledged to have been received by Cowan, the bond, both on principles of law and equity, ought to be construed favorably to White. And the court conceives that the bond implies that Cowan held on the waters, it specifies a greater quantity of land than 600 acres, out of which White was to have land of equal quality to any of the remainder, and equally free from the paramount claims of other individuals. To admit a different construction would authorize the obligor to purchase and convey land which he knew might be taken by a superior claim, which it can not be rationally presumed was contemplated by the obligee when he received the bond; and, moreover, would be establishing an iniquitous precedent. Suppose, however, that this bond had justified Cowan in tendering a deed of conveyance for any other land which accorded with the bond as to quality and situation. Certainly the deed should have contained a covenant warranting the title of the land to be as good as Cowan's title from Virginia was or might have been to the lands he held on the before-mentioned waters. The deed which was tendered does not contain a warranty of the kind; and this point was put in issue by the parties, and determined in the court below in favor of White. The other proceedings in the suit seem also to be according to law. Therefore, it is considered by the court, that the judgment aforesaid be affirmed; that the appellee may proceed to have the benefit of his judgment in the court below, and recover of the appellant ten per centum damages on the same, together with his costs in this behalf expended, which is ordered to be certified to the said court.